UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| MARK KREVIN LIGHT, ) | Case No. 05-59211-293 |
| ) | Chapter 7 |
| ) | Motion Nos. 18 & 24 |
| Debtor. ) | (Unpublished) |

## MEMORANDUM OPINION

This case is before the Court on two related motions. The first is the motion of creditor, Ladue Trails, LLC. ("Ladue Trails"), to terminate the automatic stay with respect to Debtor's residence (the "Real Property"). The second is Debtor's motion to avoid Ladue Trails's judicial lien on the Real Property. Because both parties failed to produce sufficient evidence to establish that either was entitled to the relief requested in their respective motions, the Court will deny both motions.

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§1334, 151, and 157 and Local Rule 9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(K), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. §1409(a).

**FACTUAL AND PROCEDURAL BACKGROUND**

Ladue Trails obtained a $45,557.36 judgment against Debtor pre-petition, which became a lien on the Real Property by operation of MO. REV. STAT. §511.350.1. Debtor then transferred a one-half interest in the Real Property to his parents.

Ladue Trails, in response to Debtor's transfer of the one-half interest, commenced an action in Circuit Court of St. Louis County against Debtor and his parents (the "State Court Action"). Count I of the State Court Action is a fraudulent conveyance cause of action with respect to Debtor's transfer of the one-half interest in the Real Property to his parents. Count II contains a civil conspiracy claim against Debtor and his parents with respect to the transfer in question. Ladue Trails seeks a creditor's bill and judicial foreclosure of its judicial lien on the Real Property in Count III of the State Court Action.

While the State Court Action was pending, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 14, 2005. Debtor listed the total value of the Real Property at $263,000.00 in the Schedule A, with his one-half share valued at $137,500.00. Debtor, however, then claimed that the value of the Real Property was worth at least $275,000.00 in his response to Ladue Trails's motion to terminate the automatic stay.

Also, as of the petition date, in addition to Ladue Trails's $45,337.00 judicial lien, the following liens encumbered the Real Property: (1) a $7,535.52 statutory lien in favor of the Missouri Department of Revenue; (2) a $163,000.00 consensual lien in favor of Gary Shank; and (3) a $100,000.00 consensual lien in favor of Michael and Marlena Light. Debtor maintains in his response to Ladue Trails's motion to terminate the automatic stay that the liens against the Real Property also affect the co-owners equity in the property. Thus, it appears that at least some of the liens encumber both Debtor and his parents's interest in the Real Property.

Ladue Trails filed a motion to terminate the automatic stay with respect to the Real Property pursuant to 11 U.S.C. §362(d)(2) so that it may enforce its judicial lien. Debtor responded by filing a motion to avoid Ladue Trails's judicial lien pursuant to 11 U.S.C. §522(f)(1)(A).

Because neither party presented credible and competent evidence that it was entitled to the relief requested in their respective motions, the Court will deny both motions.

## **DISCUSSION**

Section 522(f)(1)(A) allows a debtor to avoid a judicial lien on property to the extent that the lien impairs an exemption that debtor could have claimed with respect to the property but for the lien. A judicial lien impairs the debtor's exemption under

§522(f)(1)(A) if the value of all the liens on the property, including the lien in question, plus the value of the applicable exemption in the absence of those liens is greater than fair market value of the debtor's interest in the real property.  11 U.S.C. §522(f)(2);  <u>Kolich v. Antioch Laurel Veterinary Hosp. (In re Kolich)</u>, 273 B.R. 199, 205 (B.A.P. 8th Cir. 2002) <u>aff'd</u>. 328 F.3d 406 (8th Cir. 2003).

Here, under Missouri's homestead exemption, a debtor may exempt up to $15,000.00 of the value of his residence.  MO. REV. STAT. §513.475.1.  Also, the value of the liens on the Real Property equals $316,092.88.  Accordingly, the aggregate value of the liens and the homestead exemption is $331,092.88.  But, as discussed below, Debtor has failed to produced sufficient evidence in the record to allow the Court to determine both the value of Debtor's interest in the Real Property and the value of the liens that encumber that one-half interest.

Debtor has the burden of proof in establishing that he is entitled to avoid Ladue Trails's judicial lien under §522(f)(1)(A) by a preponderance of the evidence.  <u>In re Anderson</u>, 305 B.R. 861, 866 (B.A.P. 8th Cir. 2004).  Here, Debtor failed to produce sufficient evidence with respect to both the value of his interest in the Real Estate and the value of the liens that encumber his interest to establish by a preponderance of the evidence that he is entitled to avoid Ladue Trails's judicial lien under §522(f)(1)(A).

With respect to the Real Property, Debtor, as the owner of a one-half interest

4

in the Real Property, is competent to testify as to its value. In re Brown, 244 B.R. 603, 611-12 (Bankr. W.D. Va. 2000). Accordingly, the value Debtor ascribed to the Real Property of $263,000.00 in his Schedule A is evidence of the Real Property's fair market value. See Anderson, 305 B.R. at 867. But Debtor, in his response to Ladue Trails's motion to terminate the automatic stay, with respect to the Real Property, stated that the value of the Real Property was at least $275,000.00.

Given that Debtor repudiated his valuation of the Real Property in his Schedule A in opposing Ladue Trails's motion to terminate the stay, the Court finds that Debtor's valuation of the Real Property of $263,000.00 in his Schedule A is of little, if any, probative value. See Peterson v. Lewis (In re Jenkins), 347 B.R. 77, 87 (Bankr. N.D. Ill. 2006). Also, Debtor's later valuation in his opposition to Ladue Trails's motion to terminate the stay with respect to the Real Property of "at least" $275,000.00 is indefinite and contains no upper limit on the value of the property. Accordingly, the Court finds that Debtor has failed to establish the value of his interest in the Real Property.

Debtor has additionally failed to establish what portion of the liens encumber his one-half interest in the Real Property. Debtor only recites that "the liens against the Property also affect the co-owner's interest". Thus, at least a portion of the liens in question encumber Debtor's parents's one-half interest in the Real Property. But

5

there is simply no evidence in the record that would allow the Court to determine the value of the liens encumbering Debtor's one-half interest. Accordingly, Debtor has failed to produce sufficient evidence to demonstrate the value of the liens with respect to Debtor's one-half interest in the Real Property.

In conclusion, Debtor has failed to produce sufficient evidence concerning two of the three variables contained in the formula outlined in §522(f)(2) to determine if Ladue Trails's judicial lien impairs Debtor's homestead exemption. Specifically, Debtor has failed to establish with sufficient evidence the value of his interest in the Real Property and the value of the liens encumbering his interest in the property. Debtor, therefore, has failed to establish by a preponderance of the evidence that he is entitled to avoid Laude Trails's judicial lien under §522(f)(1)(A).

Ladue Trails filed a motion to terminate the automatic stay with respect to the Real Property under 11 U.S.C. §362(d)(2). Ladue Trails, as the party seeking to terminate the stay with respect to the Real Property, has the burden of establishing that the Debtor lacks equity in the Real Property. 11 U.S.C. §362(g)(1). Thus, Ladue Trails, at the very least, has the burden of producing some evidence of the value of the Real Property on its motion to terminate the stay. In re RWI Wind Down Corp., 348 B.R. 286, 299-300 (Bankr. D. Del. 2006).

Here, Ladue Trails's only evidence of the value of the Real Property is the

unverified statement of an unidentified real estate expert and developer that the Real Property is worth at least $332,000.00. An unverified statement of an appraiser, however, is hearsay and is not competent evidence as to the value of real property. FED. R. EVID. 801(c); In re Roberts, 210 B.R. 325, 329 (Bankr. N.D. Iowa 1997). Ladue Trails, therefore, has failed to meet its burden of proof in establishing that it is entitled to terminate the stay with respect to the Real Property under §362(d)(2).

## **CONCLUSION**

Neither Debtor nor Ladue Trails's has produced sufficient evidence to establish that either is entitled to the relief requested in their respective motions. The Court, therefore, will deny both motions. The Court, however, will deny the motions without prejudice to allow the parties to re-file their respective motions and present sufficient evidence.

An Order consistent with this Memorandum Opinion will be entered this date.

DATED:  December 28, 2006  
St. Louis, Missouri

_/s/ David P. McDonald_  
David P. McDonald  
United States Bankruptcy Judge

Copy mailed to:

Mark Krevin Light
24 Lynnbrook
St. Louis, MO 63131

Wendi S. Alper-Pressman
Gallop, Johnson et al.
101 S. Hanley, Fl. 16
St. Louis, MO 63105

Charles W. Riske
Attorney at Law
231 S. Bemiston, Suite 1220
St. Louis, MO 63105

Robert E. Eggmann
Copeland, Thompson et al.
231 S. Bemiston, Ste. 1220
St. Louis, MO 63105

U.S. Trustee
Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102